UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EILEEN HOLLAND,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ACELLA PHARMACEUTICALS, LLC; SAFEWAY, INC., d/b/a HAGGEN #3436; HH LEGACY, INC., d/b/a HAGGEN FOOD & PHARMACY #15; and DOE 1–DOE 25,<br><br>　　　　　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO:　　　　Clerk of Court

AND TO:　　All Parties and their Attorney(s) of Record

　　　Defendant Acella Pharmaceuticals, LLC ("Acella"), pursuant to 28 U.S.C. § 1446, removes *Holland v. Acella Pharmaceuticals, LLC, et al.*, Case No. 21-20-0711-29 (Skagit Cty. Sup. Ct.) ("State Court Action"), and all claims and causes of action asserted therein, from the Superior Court of Skagit County, Washington, to the United States District Court for the Western District of Washington, Seattle Division. Acella states the following grounds for removal:

### I. BACKGROUND

　　　1.　　On November 30, 2021, Plaintiff Eileen Holland commenced this action in the State Court Action by filing a Complaint. A copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

NOTICE OF REMOVAL - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134209.0001/8821829.2

2. Acella was served with the Summons and Complaint in the State Court Action on December 1, 2021.

3. In the State Court Action, Holland asserts claims against Defendants Acella, Safeway, Inc. ("Safeway"), and HH Legacy, Inc. ("HH Legacy") under the Washington Product Liability Act and the Washington Consumer Protection Act. Holland also asserts a negligence claim against Safeway and HH Legacy. Holland asserts no claims against the 25 Doe Defendants.

## II. JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

5. Plaintiff Eileen Holland is an individual residing in Washington. *See* Compl. ¶¶ 5, 16. Holland is thus a citizen of Washington.

6. Acella is a limited liability company organized under the laws of Delaware with its principal place of business in Georgia. Acella's only member is Acella Holdings, LLC. Acella Holdings, LLC's only member is Alora Pharmaceuticals, LLC. All of Alora Pharmaceuticals, LLC's members are trusts, and none of the trustees of those trusts are citizens of Washington. Accordingly, Acella is not a citizen of Washington. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens" and "a trust has the citizenship of its trustee or trustees").

7. Safeway is a corporation organized under the laws of Delaware with its principal place of business in California. Accordingly, Safeway is a citizen of Delaware and California. A copy of online records from the Washington Secretary of State's office reflecting Safeway's state of incorporation and its principal place of business is attached as **Exhibit B**.

8. HH Legacy is a dissolved corporation. It was a corporation organized under the laws of Washington with its principal place of business in California, and therefore was a citizen of Washington and California. According to public records maintained by the Washington

NOTICE OF REMOVAL - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134209.0001/8821829.2

Secretary of State's office, however, HH Legacy voluntarily dissolved effective March 25, 2019. A copy of these public records is attached as **Exhibit C**.

9. This Court should not consider HH Legacy's citizenship in determining whether complete diversity exists because Holland "fraudulently joined" HH Legacy. *See Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (discussing the requirements for, and types of, fraudulent joinder). Although a dissolved Washington corporation may continue to exist for certain purposes, it "may not carry on any business except that appropriate to wind up and liquidate its business and affairs." RCW 23B.14.050(1). Holland alleges that she purchased the tablets at issue in June 2020, more than a year after HH Legacy dissolved. Compl. ¶ 26. Accordingly, Holland cannot be correct that HH Legacy operated a pharmacy at a Haggen location in Burlington, Washington, and sold her the pharmaceutical tablets at issue. *See id*. ¶¶ 5, 12, 26, 33-35, 38-40, 42-44. Because HH Legacy could not have conducted the business Holland alleges and, therefore, "cannot be liable on any theory" asserted against it, HH Legacy was fraudulently joined and the Court should "disregard [its] citizenship" for diversity purposes. *Grancare*, 889 F.3d at 548.

10. The Court also should also not consider the 25 Doe Defendants' citizenship. *See* Compl. ¶¶ 14. Holland asserts no claims against the Doe Defendants. Further, they are fictitious parties whose citizenship is not considered in evaluating diversity. *See* 28 U.S.C. § 1441(b)(1); *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 n.2 (W.D. Wash. 2020).

11. In light of the foregoing, there is complete diversity among the parties as required by 28 U.S.C. §§ 1332(a) and 1441(b).

12. Under 28 U.S.C. § 1446(c)(2)(B), the amount in controversy requirement is met if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs. In her Complaint, Holland alleges that she seeks damages for her "economic losses" and "non-economic losses," for "attorney fees and costs," for treble damages, and for punitive damages. Compl. ¶¶ 45-51.

13. Although Holland has declined to specify the injuries she has suffered, Acella has a good faith belief that the amount in controversy here exceeds $75,000, given the potential

NOTICE OF REMOVAL - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134209.0001/8821829.2

medical costs involved in injuries related to pharmaceutical products and Holland's requests for treble and punitive damages. *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87-88 (2014) ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); W.D. Wash. LCR 101(a). Further, Washington state law permits recovery of damages in excess of the amount demanded in the pleadings. *See* Wa. Sup. Ct. Civ. R. 54(c).

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

14. **Timeliness.** Acella was served with a copy of the Summons and Complaint in the State Court Action on December 1, 2021. This Notice of Removal is therefore timely filed within 30 days of receipt of a copy of the original pleading in this action under 28 U.S.C. § 1446(b)(1).

15. **Intradistrict Assignment.** This Court is the proper place to file this Notice of Removal under 28 U.S.C. §§ 1441 and 1446(a). The Skagit County Superior Court is located within the United States District Court for the Western District of Washington, *see* 28 U.S.C. § 128(b), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Western District of Washington is the "district and division embracing the place where such action is pending." The Seattle Division is the appropriate Division of this Court because Holland filed the Complaint in Skagit County, Washington. *See* W.D. Wash. LCR 3(e).

16. **Filed Documents.** As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon defendant[s]" is included with this Notice of Removal as **Exhibit D**. *See also* W.D. Wash. LCR 101(b).

17. **Consent.** Counsel for Acella has spoken with counsel for Safeway, and Safeway consents to the removal of this action. HH Legacy has also been served in this action, but it has not otherwise appeared. As stated above, Acella contends that HH Legacy has been fraudulently joined. HH Legacy, as well as the Doe Defendants, are nominal parties who need not consent to this removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Hewitt v. City of Stanton*, 796 F.2d 1230, 1232 (9th Cir. 1986). Thus, all parties who have been "properly joined and served" consent to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

NOTICE OF REMOVAL - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134209.0001/8821829.2

18. **Signature.** This Notice of Removal is signed under Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

19. **Notice.** Notice of this removal will be filed with the Clerk of the Skagit County Superior Court, Case No. 21-20-0711-29, and will be given to all other parties, in accordance with 28 U.S.C. §1446(d).

20. **No Waiver.** By filing this Notice of Removal, Acella does not waive, and expressly reserves, all rights and defenses, including but not limited to those available under Federal Rule of Civil Procedure 12(b). Acella reserves the right to amend or supplement this Notice of Removal if any aspect of this removal is challenged.

DATED:  January 3, 2022.

LANE POWELL PC


By:   *s/ Jeffrey M. Odom*
        Jeffrey M. Odom, WSBA No. 36168
        odomj@lanepowell.com

         *s/ Andrew G. Yates*
         Andrew G. Yates, WSBA No. 34239
         yatesa@lanepowell.com

         *s/ Aaron Schaer*
         Aaron Schaer, WSBA No. 52122
         schaera@lanepowell.com

         1420 Fifth Avenue, Suite 4200
         P.O. Box 91302
         Seattle, Washington 98111-9402
         Telephone:  206.223.7000

*Attorneys for Defendant Acella Pharmaceuticals, LLC*

NOTICE OF REMOVAL - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134209.0001/8821829.2

## **CERTIFICATE OF SERVICE**

I certify that, on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

I further certify that I sent via e-mail and have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Brian M. Sullivan
> Sullivan Law Group, PLLC
> 2932 Hoyt Avenue
> Everett, Washington 98201
> Brian@sullivanpllc.com
> *Attorney for Plaintiff*
>
> Natalie Heineman
> Alexandra E. Ormsby
> Forsberg & Umlauf, P.S.
> 901 Fifth Avenue, Suite 1400
> Seattle, WA 98164
> NHeineman@FoUm.law
> AOrmsby@FoUm.law
> *Attorneys for Defendant Safeway, Inc.*

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

DATED this 3rd day of January 2022.

> *s/ Aaron Schaer*
> Aaron Schaer, WSBA No. 52122

NOTICE OF REMOVAL - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134209.0001/8821829.2